# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOY A. LENKER and | ) | |
| CORTENEY D. LENKER, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:07-CV-274-PRC |
| | ) | |
| MS. GRETTA GRAY and | ) | |
| GRIFFITH SCHOOL CORP., | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 40], filed by the Defendants, Gretta Gray and Griffith School Corporation, on July 22, 2008. For the following reasons, the Court grants the Defendants' Motion for Summary Judgment as to Plaintiff Joy A. Lenker and dismisses Corteney D. Lenker's claim without prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

On August 21, 2007, the Plaintiffs, Joy A. Lenker and Corteney D. Lenker, filed a Complaint on a pre-printed § 1983 complaint form against the Defendants, Gretta Gray and Griffith School Corporation (collectively "School"). According to the Complaint, Joy Lenker alleges injuries suffered by her daughter, Corteney, who is a special education student in the Griffith School system. The Complaint is signed solely by Joy. Gretta Gray is Corteney's teacher and is aware of her classification as a special education student with both mental and physical challenges. Joy Lenker complains that Gretta Gray harassed Corteney and allowed other students to do so as well. Joy further alleges that the School allowed the harassment to continue by not permitting Corteney to be transferred out of Ms. Gray's class and that the continued mistreatment has caused Corteney

more mental and physical problems.

Prior to Plaintiffs filing this case in August 2007, Joy and Corteney Lenker had neither filed a complaint nor attempted to initiate any administrative procedures relative to their claims. Nine months after filing the Complaint in this case, Corteney's father, Stephen Lenker, filed a complaint with the Indiana Civil Rights Commission ("ICRC"). The ICRC complaint makes no reference to the facts underlying the allegations currently before this Court and instead refers to an entirely different set of actions, occurring seven months after the filing of this Complaint.

On November 5, 2007, the School filed a Motion to Dismiss with accompanying brief pursuant to Federal Rule of Civil Procedure 12(b)(6).

Joy Lenker filed a Motion for Counsel[1] on November 9, 2007. The Motion for Counsel was denied without prejudice on November 13, 2007, and the Court asked Joy to complete a questionnaire for appointment of counsel. Issuing an Order *sua sponte*, the Court set a deadline for Joy to file a renewed motion for counsel, requiring compliance with standards set forth in the Court's November 13, 2007 Order. Joy Lenker filed a Motion for Court to Appoint Attorney on April 29, 2008, which was also denied. Finding that no issue or document had "fallen through the cracks," the Court denied a Motion to Reconsider appointment of attorney on behalf of Joy and Corteney Lenker.

Despite several deadline warnings, Joy Lenker filed a response on May 29, 2008, and an amended response on May 30, 2008, to the School's Motion to Dismiss, more than seven months past the original deadline. In the amended response, Joy asserted an additional claim under the Americans with Disabilities Act ("ADA"). On June 11, 2007, District Court Judge Rudy Lozano

---

[1] This document and the Magistrate Consent Forms are the only documents on the docket purporting to contain Corteney Lenker's signature.

entered an Order granting in part and denying in part the School's Motion to Dismiss. The District Court construed Plaintiffs' Complaint and amended response as alleging claims under § 1983, the Individuals with Disabilities Education Act ("IDEA"), and the ADA. To the extent that these three claims were asserted, the District Court dismissed Joy and Corteney Lenker's § 1983 and Individuals with Disabilities Education Act ("IDEA") claims, but not the ADA claim, which is the only claim remaining before the Court.

The School filed a Motion for Summary Judgment, Memorandum in Support, and supporting materials on July 22, 2008, addressing the remaining ADA claim. The School, also on July 22, 2008, sent the Lenkers a Notice to Pro Se Litigant by certified and regular mail, informing the Lenkers of their burden to respond to the Motion as required by Local Rule 56.1 and *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992).

On July 24, 2008, this case was reassigned to Magistrate Judge Paul R. Cherry. The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

Joy Lenker filed a response[2] to the School's Motion for Summary Judgment on August 8, 2008. The School replied to Joy's response on August 12, 2008. Joy then filed an Amended Response on August 15, 2008, and the School filed an Objection to Plaintiffs' Amended Response on August 18, 2008, claiming that Plaintiffs' response took the form of a sur-reply. The Court sustained the School's objection and in an August 19, 2008 Order struck the response.

---

[2] In the response, Joy Lenker failed to respond to the arguments made by the School in its Motion for Summary Judgment and instead focused on the alleged injuries to Corteney, problems proceeding pro se, and what the Plaintiffs would establish at trial.

On September 9, 2008, Joy Lenker filed a Motion Request to Modify Complaint**,** seeking leave of Court to modify the Pro Se Complaint and add Corteney's father, Stephen Lenker, as a Plaintiff. On September 11, 2008, the Court denied the Motion without prejudice and granted leave to re-file in accordance with Local Rule 15.1. As of the date of this Order, Plaintiffs have not re-filed the Motion to Modify.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The

moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## ANALYSIS

In the federal system, "civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant." *Jones v. Phillips*, 39 F.3d 158, 163 (7th Cir. 1994) (citing *Haines v. Kerner*, 404 U.S. 519 (1972) (requiring liberal construction of pro se litigant pleadings)). While recognizing the protections afforded to pro se litigants by law, the Court follows the generally recognized practice that all litigants, including those proceeding pro se, must comply with the procedural rules in order to promote an interest in the uniform administration of justice. *See id.* at 164; *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

In the instant case, two separate claims are presented to the Court, Corteney Lenker's individual claim against the School and Joy Lenker's individual claim against the School. The Court will address each Plaintiff's cause of action in turn.

### A. Corteney Lenker's Claim

*1. Joy A. Lenker's Pro Se Representation of Corteney Lenker*

28 U.S.C. § 1654 provides in part that, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such course,

respectively, are permitted to manage and conduct causes therein." Although the Supreme Court, in *Winkelman v. Parma City School District*, 127 S. Ct. 1994, 2007 (2007), avoided the direct question of whether parents may represent their children pro se, several circuits, including the Seventh Circuit, have affirmed the common law notion that parents may not represent their children pro se.

As non-lawyers, parents may not represent their children in court. *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998); *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 124-26 (2d Cir. 1998); *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997)). In the Seventh Circuit, "while a parent may in some situations bring a suit as a representative of a child . . . that does not mean that the parent may represent the child pro se." *Bell v. Anderson Schs.*, No. 1:07-cv-00936, 2007 WL 2265067, at *3 (S.D. Ind. Aug. 6, 2007) (specifically distinguishing parents representing their children pro se from Federal Rule of Civil Procedure 17(c) which allows parents in some situations to represent their children in a suit). Further, the Seventh Circuit has dismissed a child's claim without prejudice where the parent attempted to proceed pro se with an IDEA action on behalf of her child. *Mosely v. Board of Education of City of Chicago*, 434 F.3d 527, 532 (7th Cir. 2006) (holding that a mother cannot bring an action pro se on behalf of her child).

The prohibition on parents representing their children pro se is grounded in looking out for the best interests of the child. As the Second Circuit reasoned, "[i]t goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.

1990). Therefore, where a parent attempts to litigate pro se on behalf of her children, the Court may dismiss those claims without prejudice. *Bell*, 2007 WL 2265067, at *3.

In this instant case, although the parties are listed as Joy A. Lenker and Corteney D. Lenker, the Complaint only contains Joy's signature. The Federal Rules of Civil Procedure require that "every pleading, written motion, or other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11; *see also Abdul-Wadood v. Debruyn*, 89 F.3d 838 (7th Cir. 1996) (unpublished order affirming that, because only one plaintiff signed the complaint, the complaint was properly dismissed without prejudice); *Allen v. Nat'l R.R. Passenger Corp.*, No. Civ.A.03-cv-3497, 2004 WL 2830629, at *4 (E.D. Pa. Dec. 7, 2004) (allowing plaintiff who had signed complaint to continue with the cause of action). While some of the filings in this matter contain the signatures of both Corteney and Joy Lenker, most of them are signed solely by Joy.[3] Since the Complaint and the majority of documents filed in this case do not contain Corteney's signature, the Court concludes that Joy is bringing this suit on behalf of Corteney and representing her pro se, as prohibited by 28 U.S.C. § 1654 and firmly established Seventh Circuit case law. Additionally, even though this Court liberally construes the inartful pleading of pro se complaints, Rule 11 requires Corteney's claim to be dismissed for failing to comply with procedural requirements. *See* Fed. R. Civ. P. 11(a). Therefore, because Joy Lenker may not represent Corteney pro se, and Corteney did not sign the Complaint, the Court dismisses Corteney's cause of action without prejudice.[4]

---

[3] To the extent that Corteney's signature does appear on court filings it appears to be in her mother's handwriting. *See, e.g.,* Pls. Mot. for Counsel, p. 3.

[4] Although, the Court would normally permit a party to promptly correct the unsigned document after the error is called to the party's attention, Corteney's attempt to amend the Complaint by signing it would be futile, as her claim would still be dismissed for failure to exhaust her administrative remedies. Under Federal Rule of Civil

8

*2. Corteney Lenker's failure to exhaust administrative remedies and lack of counsel*

Nonetheless, even if the Complaint were not defective, Corteney Lenker still failed to exhaust the administrative remedies required under the IDEA. The IDEA incorporates administrative procedures that must be exhausted before filing an ADA claim in federal court which seeks relief that would also be available under the IDEA. The text of the IDEA specifically provides in its rules of construction:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). Subsections (f) and (g) provide detailed procedural steps[5] that attempt to administratively resolve the underlying complaint prior to the filing of a complaint in federal court. Regardless of the relief that an aggrieved party demands, it is the nature of the claim and the theory behind the party's grievance that activate the IDEA's administrative process. *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist.*, 98 F.3d 989, 992 (7th Cir. 1996). If the damage done could be remedied, even in part, by services available under the IDEA, then the administrative process applies.

---

Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." However, this standard comes into question and the Court may deny a motion to amend complaint if there is "futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (citing *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)). It is appropriate to deny a motion for leave to amend complaint when an amendment would be futile because it could not withstand a motion to dismiss. *Zimmerman v. Hoard*, 5 F. Supp. 2d 633, 635 (N.D. Ind. 1998) (citing *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993)). Here, Corteney's claim, contained in a properly signed Complaint, would not withstand a motion to dismiss because of her failure to exhaust administrative remedies, as discussed below.

[5] A more detailed discussion of the requirements for exhaustion of administrative remedies under the IDEA is set out in Part B. 2. of this Opinion and Order.

*McCormick v. Waukegan Sch. Dist. #60*, 374 F.3d 564, 567 (7th Cir. 2004) (citing *Charlie F.*, 98 F.3d at 991-92).

While the above requirement to exhaust administrative remedies can be bypassed, bypass should only take place where exhaustion of such remedies would prove futile. *McCormick*, 374 F.3d at 568 (citing *Honig v. Doe*, 484 U.S. 305, 327 (1988)). In Corteney's case, not only has she failed to invoke the administrative process, but her situation is of the type that the administrative process is tailored to rectify. The theory behind Corteney's case is the Defendants' alleged mistreatment of her as a "special ed" student. The Complaint and filings in this case allege that Corteney was a "special ed" student, that the Defendants continually mistreated her, and that the Defendants' actions caused her more mental and physical problems. Accordingly, Corteney's allegations put her claim within the remedies and relief provided by the IDEA. However, Corteney has failed to allege any facts indicating that she even attempted to exhaust her administrative remedies as required by the IDEA.

Further, although the Court denied Corteney and Joy Lenker's Motion for Appointment of Counsel, denial of counsel did not adversely affect Corteney's claim. It is within the Court's discretion whether to recruit counsel, and even then, "[o]nly when a denial of counsel results in 'fundamental unfairness impinging on due process rights' will a denial of counsel be overturned." *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982) (citing *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)). Additionally, children are not automatically granted representation and have been found capable of bringing their own claims. *Bell*, 2007 WL 2265067, *3 n.5. The fact that Corteney lacked counsel has not altered the outcome of this case because, even if she were represented by counsel, she still has failed to exhaust administrative remedies under the IDEA as

required when alleging her ADA claim. *See Renguette v. Bd. of Sch. Trs. ex rel. Brownsburg Comty. Sch. Corp.*, 540 F. Supp. 2d 1036, 1045 (S.D. Ind. 2008) (granting summary judgment where plaintiff failed to exhaust IDEA administrative remedies prior to bringing ADA claim). Accordingly, Corteney's ADA claim would still fail.

Therefore, as held above, because Joy Lenker may not represent her daughter Corteney pro se, the remaining ADA claim is dismissed without prejudice. However, even if Corteney complied with Rule 11's procedural rules by signing the Complaint or had been represented by counsel, her claim would nevertheless fail because she has not exhausted her administrative remedies.

### B. Joy Lenker's Claim, as Mother of Corteney Lenker

*1. Cause of action for parents under the IDEA*

In 2007, the United States Supreme Court decided that parents, in addition to their children, have a cause of action under the IDEA. *Winkelman*, 127 S. Ct. at 2006. *Winkelman* enumerated four areas of particular relevance in which parents have a valid personal interest and may assert a claim: (1) the process for developing the child's individualized education program ("IEP"); (2) the sufficiency of education provided to the child; (3) the mechanisms for review available when there are objections to IEP or certain aspects of IDEA proceedings; and (4) expenses that parents incur. *Id.* at 2000. Additionally, when deciding whether parents have a cause of action under the IDEA, the Supreme Court focused on the entire statutory scheme and took particular note of the IDEA's goals, which include "ensuring that the rights of children with disabilities and parents of such children are protected." *Id.* By contrast, the ADA contains no such language enumerating a cause of action extending to parents. *See* 42 U.S.C. § 12101. However, at least one Circuit has allowed parents themselves to sue under the ADA insofar as they are asserting and enforcing the rights of

11

their children and incurring expenses for the child's benefit. *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007).

For the purposes of analyzing Joy Lenker's remaining ADA claim, the Court assumes, without deciding, that she has a valid cause of action individually under the ADA because Defendants do not contend otherwise and case law suggests that she may have proper standing. *See id*. However, Joy has failed to state a claim and, like Corteney, has not exhausted her administrative remedies.

In the Complaint and other filings with the Court, Joy Lenker asserts injuries to Corteney and not to herself. Under the "Cause of Action with Supporting Facts" section of the Complaint, Joy states that the "Plaintiffs [sic] child, Corteney D. Lenker was a known special ed student . . .". *Id.* at 1. The Complaint focuses solely on "mental problems as well as physical problems for the child," as well as that Ms. Gray "ridiculed her and refused to stop the other students from harassing her." Compl. at 2-3. There is no reference to any injury suffered by Joy. Further, in Joy's Response to the Motion for Summary Judgment, she fails to allege any injury suffered on her own behalf and instead continues to focus on injuries to Corteney.

As previously noted, *Winkelman* enumerated four areas in which parents would have a valid personal interest and may assert a claim. 127 S. Ct. at 2006. Joy has failed to allege any facts supporting a cause of action under any of these four areas. Joy is not asserting a claim challenging the adequacy of Corteney's education, the process for developing Corteney's IEP, the mechanisms for review of objections to an IEP or other aspects of IDEA proceedings, or challenging any expenses that she incurred.

Additionally, Joy has failed to satisfy the minimal notice pleading requirements of Federal

Rule of Civil Procedure 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In the Complaint and in the Response to the School's Motion for Summary Judgment, Joy fails to assert any facts indicating an injury on her own behalf and instead focuses solely on injuries to Corteney.

Accordingly, Joy Lenker fails to raise any genuine issue of material fact with regard to suffering an injury on her own behalf, so summary judgment is granted in favor of the School on Joy's claim.

*2. Joy Lenker's failure to exhaust administrative remedies*

In addition to not pleading her own case, Joy Lenker failed to exhaust administrative remedies as required by the IDEA. As noted above in respect to Corteney's separate ADA claim, the IDEA requirement of exhaustion of administrative remedies also applies to ADA claims. 20 U.S.C. § 1415(l). The Seventh Circuit held that it is the "theory behind the grievance" that can activate the IDEA's administrative process even in situations in which a plaintiff desires relief not available under the IDEA. *Charlie F.*, 98 F.3d at 992. Further, parents should not be able "[t]o opt out of the IDEA . . . when the school district professes willingness to take corrective steps." *Id*. at 993. If requiring exhaustion of the administrative process would prove futile, then exhaustion can be circumvented; however "[w]here . . . a plaintiff has alleged injuries that could be redressed to some degree by the IDEA's administrative procedures and remedies, then the courts should require exhaustion of administrative remedies." *McCormick*, 374 F.3d at 568 (quoting *Robb v. Bethel Sch. Dist.*, 308 F.3d 1047, 1054 (9th Cir. 2002)).

13

Here, Joy failed to exhaust administrative remedies as required under the IDEA. The IDEA requires States to provide an impartial administrative process that assures compliance with the federal mandate of a "free appropriate public education" by the State educational agency or local educational agency. 20 U.S.C. § 1415(a). The IDEA procedures are specifically enumerated in 20 U.S.C. § 1415, and include the types of procedures available, the notification requirements, the procedural safeguards, the details regarding mediation, the specifics of a guaranteed due process hearing, and the appeal process if necessary. *Id.* Finally, the IDEA provides a right of action in federal district court, but only after a prospective plaintiff has exhausted state administrative remedies. 20 U.S.C. § 1415(l).

While Joy claims that she contacted the Equal Employment Opportunity Commission ("EEOC") and a claim was filed with the ICRC, neither action satisfies the IDEA's exhaustion requirement. First, the EEOC is not a proper administrative agency for purposes of providing administrative remedies under the IDEA. The IDEA states that the administrative remedies shall be provided by "the State *educational* agency or by the local *educational* agency." *Id.* at § 1415(f) (emphasis added) (providing that an impartial due process hearing will be conducted by such agencies). The EEOC handles claims regarding employment, not education claims that can be brought under the IDEA.

Second, the claim filed with the ICRC raises a number of problems. First, like the EEOC, the ICRC is not a "State *educational* agency or . . . local *educational* agency" and is not a proper administrative agency for purposes of providing administrative remedies under the IDEA. *Id.* (emphasis added). Next, even if the ICRC were a proper administrative body, the ICRC complaint was not filed until after Joy filed the instant suit in federal court. *Id.* at § 1415(l) (stating that IDEA

procedures must be exhausted "before filing . . . a civil action"). Finally, it was Stephen Lenker, and not Joy, who actually filed the complaint with the ICRC. *See* ICRC Complaint.[6]

Accordingly, because Joy Lenker failed to follow the administrative procedures outlined under the IDEA, she failed to exhaust her administrative remedies, and, thus, her ADA claim must fail. Therefore, Joy has failed to present any genuine issue of material fact so the Court grants summary judgment in favor of the School.

## CONCLUSION

Accordingly, based on the foregoing reasons, the Court hereby **DISMISSES** Corteney D. Lenker's ADA claim without prejudice and **GRANTS** the School's Motion for Summary Judgment [DE 40] as to Joy A. Lenker's ADA claim. All pre-trial and trial dates are hereby **VACATED**.

SO ORDERED this 10th day of October, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record, Plaintiffs

---

[6] Joy Lenker further complains that her due process rights have been violated, when, in fact had she followed the administrative procedures, the procedures would have provided her with a guaranteed "impartial due process hearing." 20 U.S.C. § 1415(f).